# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JUDITH WASS, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No.  6:13-cv-03267-MDH** |
| **DOLGENCORP, LLC,** | ) ) ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Conditional Class Certification (Doc. 34), Defendant's Motion for Summary Judgment (Doc. 63), and Defendant's motions to strike certain information contained in Plaintiff's Suggestions in Support of Conditional Class Certification (Docs. 65, 80) .  After full briefing and careful consideration of the motions, the Defendant's motion for summary judgment (Doc. 63) is **GRANTED**.  The Court **DENIES AS MOOT** the motions related to conditional class certification (Docs. 34, 65, 80).

## BACKGROUND

Plaintiff filed this action on behalf of herself and all others similarly situated, alleging Defendant Dolgencorp, LLC violated the Fair Labor Standards Act (FLSA).  Plaintiff claims that Defendant, her former employer, failed to compensate certain employees the required minimum wage in violation of 29 U.S.C. § 206(a).  Specifically, Plaintiff alleges that Defendant failed to compensate Plaintiff for work she performed during her meal breaks.  According to Plaintiff, Defendant's policy required Plaintiff to clock out during meal breaks, which were either one-half hour or one hour long; however, during such meal breaks, Defendant required Plaintiff to remain

in the store and perform certain functions such as answering telephones, assisting customers, and performing certain register tasks only allowed by managers. Plaintiff asserts that approximately 80% of her unpaid meal breaks were interrupted. Accordingly, Plaintiff claims that Defendant failed to pay Plaintiff and similarly situated employees the minimum hourly wage for all hours worked within a given workweek.

On March 28, 2014, after the close of preliminary discovery, Plaintiff filed a motion to conditionally certify the class under 29 U.S.C. § 216(b). Shortly thereafter, Plaintiff requested leave to file a supplemental brief, stating that additional discovery was necessary to adequately present her motion. The Court granted leave and Plaintiff filed supplemental suggestions in support of her motion on June 20, 2014. In response, Defendant filed a motion for summary judgment, a motion to strike certain information from Plaintiff's suggestions, and Defendant's suggestions in opposition to conditional class certification. The motions are now fully briefed and ripe for review.

## ANALYSIS

The Court will address the dispositive summary judgment motion before determining whether to conditionally certify the class. *See, e.g., Burdine v. Covidien, Inc.*, No. 1:10-CV-194, 2011 WL 2976929 (E.D. Tenn. June 22, 2011), *report and recommendation adopted in part*, 10-CV-194, 2011 WL 2971186 (E.D. Tenn. July 21, 2011) ("Where the parties file dispositive motions alongside a motion for conditional certification, the court may address those issues in either order."). This Court previously indicated that "certain plaintiffs' claims in some cases may be so deficient on the merits that conditional certification of a class is inappropriate." *Marshall v. R.J. Reynolds Tobacco Co.*, No. 07-0227-CV-W-RED, 2007 WL 7209940 (W.D. Mo. Dec. 7, 2007). The proper method to consider such merit-based arguments is through a

Case 6:13-cv-03267-MDH   Document 83   Filed 10/16/14   Page 2 of 8

dispositive motion rather than through a pending motion for conditional class certification. *See id.* at *1.

Courts agree that an FLSA plaintiff who fails to state a viable claim cannot represent others who are similarly situated. *See, e.g., White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877-78 (6th Cir. 2012) *cert. denied*, 134 S. Ct. 296 (2013); *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 518-19 (4th Cir. 2011); *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-CV-01916-CMA-KLM, 2012 WL 6153513 (D. Colo. Dec. 11, 2012); *Lance v. Scotts Co.*, No. 04 5270, 2005 WL 1785315 (N.D. Ill. July 21, 2005). Thus, where a motion for summary judgment against plaintiff is granted in full, a pending motion for conditional class certification becomes moot. *See Smith v. Johnson & Johnson*, 593 F.3d 280, 283 (3d Cir. 2010); *Taylor v. Waddell & Reed, Inc.*, No. 09CV2909 AJB WVG, 2012 WL 10669 (S.D. Cal. Jan. 3, 2012). Even where an FLSA class has already been conditionally certified, if putative class members have not yet been notified or opted in, courts will dismiss the entire action upon granting a defendant's summary judgment against the named plaintiff. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007); *see also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).[1] The resolution binds only the plaintiff and has no preclusive effect on any members of the conditionally certified class. *Id.*

Here, the Court grants Defendant's motion for summary judgment; therefore, the conditional class certification issue becomes moot, as do the related motions.

### A. Standard of Review

Summary judgment is proper if, viewing the record in the light most favorable to the non-

---

[1] This resolution is also consistent with the recent Supreme Court decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013). In that case, the Court held that where an FLSA claimant's individual claim is mooted, she "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness." *Id.* at 1531.

3

moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see generally Van Wyhe v. Reisch*, 581 F.3d 639, 648 (8th Cir. 2009). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Kayser v. Sw Bell Tel. Co.*, 912 F.Supp.2d 803, 807 (E.D. Mo. 2012); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## B. Undisputed Facts

Plaintiff was employed by Dollar General from May 2004 until June 15, 2012. During the relevant time period, May 31, 2010 to June 15, 2012, Plaintiff worked as an Assistant Store Manager and was paid between $10.25 and $10.75 per hour. At that time, the FLSA minimum wage was $7.25 per hour. Under Dollar General's policy, employees who were scheduled to work six or more hours per shift were entitled to a thirty minute break and those who were scheduled to work eight or more hours per shift were entitled to a one hour break. At most, Plaintiff was entitled to take five hours of meal break time per week. Plaintiff "clocked out" during some, but not all, of her meal breaks. She was not paid for the time that she was clocked out.

Plaintiff was a "key carrier" and was therefore responsible for a number of specific job duties that only key carriers could perform; she was sometimes required to perform these duties on her meal breaks because Plaintiff was routinely the only key carrier on duty. For purposes of

4

this motion, Defendant agrees with Plaintiff that she was required to perform compensable work during approximately 60-70% of the time that she was "clocked out" for meal breaks. It is undisputed that Defendant appropriately paid Plaintiff for all hours that she worked except the time periods during meal breaks where she was clocked out and performed work.

### C. Applicable Law

The FLSA requires an employer to pay each employee that is engaged in commerce or the production of goods for commerce a minimum wage per hour of work. 29 U.S.C. § 206(a). Work time includes meal periods where an employee is "required to perform any duties, whether active or inactive, while eating." 29 C.F.R. § 785.19. For example, where an office employee is required to eat at his desk or where a factory worker is required to eat at his machine, the employee is working while eating. *Id.* Employers who fail to pay the minimum wage per hour of work "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

To evaluate whether an employer appropriately paid minimum wage per hour of work, the Eighth Circuit follows a majority of courts and uses the workweek standard. *See Reich v. Giaimo*, No. CIV. A.85-2184(C)(5), 1993 WL 724662 (E.D. Mo. Dec. 30, 1993), *citing Dove v. Coupe*, 759 F.2d 167, 171-72 (D.C. Cir. 1985) (collecting cases) ("While the minimum wage laws logically could be construed as requiring hour-by-hour compliance . . . both administrative and judicial decisions established the workweek as the measuring rod for compliance at a very early date."). Applying this standard, the Eighth Circuit held that:

> [N]o violation [of section 206(a)] occurs so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.

5

*Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986).

Here, Plaintiff was paid well above minimum wage for all hours that she claimed she worked. Defendant submitted records indicating both the hours that Plaintiff logged each day and the pay that she received per week. Even assuming that Plaintiff performed compensable work during every possible meal break[2] and thereby adding five additional hours of work per week to Plaintiff's records, Plaintiff's pay averaged over $9.00 per hour – nearly $2.00 per hour greater than the FLSA minimum wage. *See* Def.'s Mot. Summ. J., Ex. B. Thus, Plaintiff's claim is unmeritorious as a matter of law.

Plaintiff does not dispute the evidence offered by Defendant but instead argues that the workweek standard has been applied in the Eighth Circuit only to cases of mileage rate compensation and not to cases involving non-exempt hourly workers. The Court finds no significance in such a distinction and Plaintiff's argument is clearly unpersuasive given the plethora of case law applying the rule to a variety of payment plans. *See Reich v. Giaimo*, No. CIV. A.85-2184(C)(5), 1993 WL 724662 (E.D. Mo. Dec. 30, 1993); *see generally Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013); *Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999); *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 780 (6th Cir. 1995); *Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1198 (4th Cir. 1969); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 489 (2d Cir. 1960).

Plaintiff also argues that some courts reject the application of the workweek standard in situations "where the employees' hourly rate exceeded the minimum wage requirement," citing

---

[2] This assumes Plaintiff was entitled to five hours of meal breaks per week (the maximum that she stated possible per week), that she clocked-out during each meal break (which she admits did not happen), and that she worked during every minute of every meal break (which she also admits did not happen).

dicta contained in a footnote from a non-binding district court decision. *Bittick v. City of Foristell*, No. 4:11CV875MLM, 2011 WL 6945106, at *3 n.1 (E.D. Mo. Dec. 30, 2011). However, the Eighth Circuit has announced that it follows the majority rule and employs the workweek standard as opposed to the hour-by-hour analysis in determining section 206(a) violations. *Hensley*, 786 F.2d at 357; *see* 29 C.F.R. § 776.4(a) ("The workweek is to be taken as the standard in determining the applicability of the Act."); *see* 5 C.F.R. § 551.301(b) ("An employee has been paid in compliance with the minimum wage provisions of this subpart if the employee's hourly regular rate of pay . . . *for the workweek* is equal to or in excess of the rate specified in section 6(a)(1) of the Act." (emphasis added)); *see also Martin v. United States*, 117 Fed. Cl. 611, 623 (Fed. Cl. 2014) ("Of the courts that have considered this issue, an overwhelming majority have interpreted the FLSA to require a "workweek" standard for the calculation of minimum wages due."). The Court finds no reason to depart from binding Eighth Circuit precedent and the majority rule.

Finally, Plaintiff claims that summary judgment is inappropriate because a genuine issue of material fact exists as to whether Defendant's purported FLSA violations were willful and whether liquidated damages are appropriate. A determination that a violation was "willful" will both extend the statute of limitations period and provide strong evidence for liquidated damages under the statute. *See Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082-84 (8th Cir. 2000). However, in the present case, the parties raised no issue as to statute of limitations and the Court finds no FLSA violation. Because the FLSA only permits an award of liquidated damages where an employer "violates the provisions of section 206 or section 207 of this title," this argument also fails. *See* 29 U.S.C. § 216(b).

Case 6:13-cv-03267-MDH   Document 83   Filed 10/16/14   Page 7 of 8

**CONCLUSION**

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Doc. 63) is **GRANTED** and the Court **DENIES AS MOOT** the motions related to conditional class certification (Docs. 34, 65, 80).

**IT IS SO ORDERED:**

Dated: October 16, 2014

_/s/ Douglas Harpool_____
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

Case 6:13-cv-03267-MDH   Document 83   Filed 10/16/14   Page 8 of 8